IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Case No.: 3:19-cv-666 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| Group of 276 Payment Cards Worth | ) | |
| Approximately $6,650.00, | ) | **VERIFIED** |
| | ) | **COMPLAINT IN FORFEITURE** |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Guillermo J. Rojas, Assistant U.S. Attorney, and files this Verified Complaint in Forfeiture, respectfully alleging on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**I.      NATURE OF ACTION AND JURISDICTION**

1. This is an action to forfeit the Defendant Group of 276 Payment Cards Worth Approximately $6,650.00 ("Defendant Cards") to the United States. Of the Defendant Cards, only 98 hold the entirety of the Defendant Cards' combined value of approximately $6,650.00. These 98 cards consist of 91 Vanilla gift cards, six Walmart gift cards, and one Kroger gift card. Exhibit (1) identifies these 98 payment cards as well as the remaining 178 payment cards.

2. On February 16, 2017, Troopers from the Ohio State Highway Patrol ("OSHP"), lawfully seized the Defendant Cards pursuant to a traffic stop on Interstate Route I-75 in Wood County, Ohio. Troopers seized the Defendant Cards from a blue 2017 Toyota Sienna Minivan.

The driver of the van was Sander Iglesias Herrera ("Herrera"), and he had two passengers, Andy Perez Pinon ("Pinon") and Yosiel Ruiz Linares ("Linares"). Troopers found the Defendant Cards in multiple locations, including: 1) in a sock within a gray Adidas backpack; 2) Pinon's wallet; 3) Pinon and Linares' groin area; 4) under the front passenger seat; 5) in the front pouch of an olive green backpack; and 6) in a gun locker of the patrol post near the area where police detained Herrera.

3. Subsequent to seizure, OSHP transferred custody of the Defendant Cards to the United States Secret Service. The Defendant Cards are in storage at the U.S. Secret Service ("USSS") office located at the Four Seagate Building in Toledo, Ohio.

4. On or about January 17, 2018, the USSS sent letters to Herrera, Pinon, and Linares notifying each that, within 30 days, he must file a claim to recover the Defendant Cards, submit the signed Agreement to Surrender Property Agreement enclosed in the letter, or abandon his interest to the Government for failure to respond. The USSS did not receive any responses.

5. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has in rem jurisdiction over the Defendant Cards pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the property was found in this district.

7. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the Defendant Cards were found in this district.

8. The Court will have control over the Defendant Cards through service of an arrest warrant in rem, which the Plaintiff will execute upon the defendant property. See Supplemental Rule G(3)(b)-(c); 28 U.S.C. § 1355(d).

## II. BASIS OF FORFEITURE

9. The Defendant Cards are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute or are derived from proceeds traceable to access device fraud under Title 18 U.S.C. § 1029(a)(5).

10. A violation of 18 U.S.C. §§ 1029(a)(5) occurs when an individual—

> knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000.

## III. FORFEITURE COUNT

11. On February 16, 2017, OSHP Trooper Stacey L. Arnold and U.S. Border and Customs Patrol Agent Thomas Payne were travelling south in Trooper Arnold's patrol vehicle on I-75 near Milepost 196 in Wood County, Ohio. They observed a Toyota Sienna minivan travelling southbound in the right driving lane at well below the posted 65 mph speed limit and causing a traffic backup.

12. Trooper Arnold activated her emergency lights to stop the Sienna after it drifted over the right highway edge line.

13. The Sienna did not immediately stop, and the driver appeared to make furtive movements.

14. The driver stopped on I-75 southbound near Milepost 192.

15. Trooper Arnold and Agent Payne exited the patrol vehicle and approached the rear of the Sienna.

16. Trooper Arnold waived for the driver to exit the vehicle. The driver, later identified as Sander Elier Iglesias Herrera ("Herrera"), complied, leaving the driver's door open.

17. Herrera spoke Spanish and had difficulty speaking English.

18. Agent Payne assisted in translating, and requested Herrera's driver's license. Herrera produced a Florida driver's license.

19. In the meantime, Trooper Arnold approached the open driver's door of the Sienna and noticed the smell of a deodorizer.

20. Trooper Arnold found a small backpack on the rear seat but no luggage.

21. Trooper Arnold obtained Florida driver's licenses from both the front passenger, Andy Perez Pinon ("Pinon"), and left rear passenger, Yosiel Ruiz Linares ("Linares").

22. Trooper Arnold and Agent Payne returned to the patrol vehicle and had Herrera sit in the rear. Herrera said that he and his companions had come from Miami, Florida.

23. Trooper Arnold and Agent Payne again exited the patrol vehicle and approached the Sienna.

24. While waiting in the patrol vehicle, police video shows Herrera appearing to adjust the crotch area of his pants where police later found payment cards.

25. Trooper Arnold requested that OSHP Trooper Ann Malone respond to the scene.

26. Trooper Arnold also called OSHP Trooper Tony Martin, who is fluent in Spanish, and asked that he speak to Herrera by cell phone.

27. After approaching the Sienna, Agent Payne asked Pinon for rental papers. Pinon produced rental paperwork that showed Herrera rented the Sienna in Miami on February 9, 2018 and was supposed to return it the same day as the traffic stop.

28. Pinon said that he and his companions were driving from Michigan.

29. Meanwhile, Herrera told Trooper Martin by cell phone that he and his companions were coming from Nebraska and were driving around visiting family.

30. Herrera's statement about coming from Nebraska was inconsistent with Pinon's

statement and the fact that the Sienna did not enter I-75 southbound from I-80.

31. Trooper Martin asked Herrera via speakerphone for consent to search the Sienna, and Herrera granted consent.

32. Trooper Malone had arrived on the scene around this time, and Troopers placed Pinon in her car. Troopers placed Linares in Trooper Arnold's patrol vehicle with Herrera.

33. While seated in Trooper Arnold's patrol vehicle, officers saw Herrera trying to hide payment cards under Trooper Arnold's front passenger seat.

34. Troopers Arnold and Malone conducted a probable cause search of the Sienna, and they found a stack of payment cards rubber-banded together inside a sock within a gray Adidas backpack.

35. Troopers also found payment cards in the following locations: Pinon's wallet, the crotch area of Pinon and Linares' pants; under the front and rear portion of the front passenger seat in Trooper Arnold's patrol vehicle; in the front pouch of an olive green backpack; and inside the gun locker in the hallway of the patrol post.

36. Troopers seized all suspected fraudulent payment cards found in connection with their stop of Herrera, Pinon, and Linares. The Defendant Cards consist of these seized cards.

37. Troopers detained the suspects in the Wood County Justice Center on multiple counts of receiving stolen property relating to the Defendant Cards.

38. Herrera and Linares subsequently pleaded guilty in the Court of Common Pleas, Wood County, Ohio, to receiving stolen property, under ORC §§ 2913.51(A), (C), a fifth degree felony, and attempted tampering with evidence, under ORC §§ 2923.02, 2921.12(A)(1), a fourth degree felony. The State of Ohio also indicted Pinon for receiving stolen property and other violations related to the Defendant Cards, but Pinon failed to appear for arraignment.

39. On December 21, 2017, officers transferred the Defendant Cards to the USSS.

## IV. <u>CONCLUSION</u>

40. By reason of the foregoing, the Defendant Cards are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from access device fraud under Title 18 U.S.C. § 1029(a)(5).

## V. <u>CLAIM FOR RELIEF</u>

WHEREFORE the United States prays that the Court order the Defendant Cards forfeited to the United States, award the United States costs and disbursements in this action, and provide such other and further relief as the Court deems proper and just.

                                            Respectfully submitted,

                                            JUSTIN E. HERDMAN
                                            UNITED STATES ATTORNEY

Dated: March  26 , 2019         /s/ Guillermo J. Rojas
                                            Guillermo J. Rojas (#0069882)
                                            Assistant U.S. Attorney
                                            Four Seagate, Suite 308
                                            Toledo, Ohio 43604-2624
                                            Phone/Fax: (419) 259-6376/6360
                                            Guillermo.Rojas@usdoj.gov

## **VERIFICATION**

I, Thomas E. Payne, Border Patrol Agent, U.S. Customs and Border Protection, have read the foregoing Verified Complaint, and the statements contained therein are true to the best of my knowledge and belief.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __18__ day of _March_, 2019.

/s/ Thomas E. Payne
Thomas E. Payne
Border Patrol Agent
U.S. Customs and Border Protection

I, Justin G. Craig, am a Trooper with the Ohio States Highway Patrol currently serving as a Task Force Officer with the United States Secret Service. I am the case agent assigned to this case. I have read the contents of the foregoing Verified Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __19__ day of _March_, 2019.

/s/ Justin G. Craig
Justin G. Craig
Task Force Officer, USSS
Trooper,
Office of Investigative Services, Findlay District
Ohio State Highway Patrol

## CERTIFICATE OF SERVICE

I hereby certify that on March  26  2019, a copy of the foregoing was filed with the Court. All Parties listed below will be served, by certified U.S. Mail, with a copy of the instant Verified Complaint along with a Notice of a Complaint for Forfeiture. Parties may also access this filing through the Court's electronic filing system.

Sander Iglesias Herrera
526 SW 96th CT
Miami, FL 33015

Yosiel Ruiz Linares
495 W 12th Street APT 15A
Hialeah, FL 33002

Andy Perez Pinon
7000 NW 186th Street APT 416
Miami, FL 33015


/s/ Guillermo J. Rojas
Guillermo J. Rojas
Assistant U. S. Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check <u>one category only</u>).

1. ☐ General Civil
2. ☐ Administrative Review/Social Security
3. ☐ Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES**. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action:  ☐ is **RELATED** to another **PENDING** civil case  ☐ is a **REFILED** case  ☐ was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3) **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

☐ AKRON           (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
☐ CLEVELAND   (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
☐ YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

☐ TOLEDO         (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](Nature of Suit Code Descriptions).

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# United States District Court

DISTRICT OF _____

Case No.: 3:19-CV-666

**WARRANT OF ARREST IN REM**

To ANY DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, on _____ a _____
*Date*
was filed in this court by _____, United States Attorney for this District, on behalf of the United States, against

and requesting that all persons interested in the property may be notified to answer the allegations, and due proceedings being had, that the property may, for the reasons stated in the _____, be condemned as forfeited to the use of the United States.
    YOU ARE COMMANDED to attach the property, and to detain it in your custody until further order of this Court, and to give notice to all persons claiming the property, or knowing or having anything to say why the property should not be condemned as forfeited to the use of the United States, pursuant to the request of the _____, that they appear before this
Court, at _____ on _____ to interpose
         *City*                                *Date*
a claim for the property and to make their allegations. And you make a return, together with this writ.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT |
|---|---|
| DATE  |  CLERK | |
| | (BY) DEPUTY CLERK | |

Returnable __60__ days after issue.

**UNITED STATES SECRET SERVICE**

| DISTRICT | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| U.S. MARSHAL | | |