# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,  Case No. 3:19-cv-00666

        Plaintiff,

    v.  MEMORANDUM OPINION
           AND ORDER

276 Payment Cards worth
Approximately $6,650.00,

        Defendant.

Plaintiff the United States of America initiated this forfeiture action on March 26, 2019, seeking the forfeiture of 276 payment cards seized during a February 16, 2017 traffic stop (the "Property"). (Doc. No. 1). Plaintiff notified the three individuals who were present in the vehicle during the traffic stop – Sander Iglesias Herrera, Andy Perez Pinon, and Yosiel Ruiz Linares – of Plaintiff's intention to seek forfeiture of the Property. (Doc. No. 10 at 2). Further, Plaintiff also has posted a public notice of its intention to seek forfeiture of the Property, instructing any potential claimants that a claimant must submit a timely claim and an answer to the forfeiture complaint. (Doc. No. 10 at 2).

"[T]he general practice, and perhaps the best practice, is for the government to seek default and default judgment in civil *in rem* forfeiture cases," when no one has filed a claim to assert ownership of, or an interest in, an asset the government has seized. *United States v. $525,695.24, Seized from JPMorgan Chase Bank Inv. Account #xxxxxxxx*, 869 F.3d 429, 440 (6th Cir. 2017), cert.

denied *sub nom. Salouha v. United States*, 138 S. Ct. 978 (2018).  None of the identified individuals, nor any other potential claimant, has submitted a claim as required by Rule G(5)(a) of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims.

Section 1029(a)(5) prohibits individuals from effecting transactions, "knowingly and with intent to defraud," with one or more access devices in order to obtain something of value equal to The allegations of the complaint, when taken as true, demonstrate the Property constitutes or is derived from "proceeds traceable to access device fraud" under 18 U.S.C. § 1029(a)(5) and therefore it is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).  (Doc. No. 1 at 3, 6).

I conclude the government has met its burden under Rule 55(b)(2) regarding the entry of a default judgment on its civil forfeiture complaint.  Plaintiff's motion, (Doc. No. 10), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
